```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
                   COUNSEL/PARTIES OF RECORD

        JUN 21 2021

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:                          DEPUTY
```

Darren Chaker
1140 Wall Street #77
La Jolla, CA 92038
DarrenChaker@Gmail.com
Self-Represented

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARREN CHAKER-DELNERO, | Case No.: 2:06-cv-00244-RLH-GWF |
| Plaintiff, | APPLICATION TO FILE UNDER SEAL |
| v. | [CONDITIONALLY FILED UNDER SEAL] |
| COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA, et. al., | |
| Defendants. | |

COMES NOW PLAINTIFF DARREN CHAKER and files this Application to Seal the attached Supplemental Ex Parte Motion to Seal Records.

**I. GOOD CAUSE EXISTS TO SEAL THE SUPPLEMENTAL EX PARTE MOTION TO SEAL RECORDS SINCE IT DISCLOSES AND REFERENCES TO RECORDS THIS COURT RECENTLY ORDERED SEAL.**

California Civil Procedure Code § 367.3 was enacted in 2019 and is now moving this honorable court to seal the file and insert "John Doe" as the Plaintiff.

This honorable court recently received an ex parte motion to seal records. The court filed these records under seal. Plaintiff now seeks to file his Supplemental Ex Motion to Seal Records ("motion") and includes reference to sealed records[1].

---

[1] So long as it remains under seal, all parties must refrain from filing anything not under seal that would disclose the sealed matter. (Rule 2.551(c).) (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 889 [60 Cal.Rptr.3d 501].) 3-51 California Trial Guide § 51.23 (2017); see also, California Rules of Court, Rule 8.46(d)(9) and (f) prohibits a publicly filed document from disclosing matters in a sealed record.

**APPLICATION TO FILE UNDER SEAL - 1**

Good cause exists to seal the instant application, the Supplemental Ex Parte Motion to Seal Records. Specifically:

Exhibit A attached to the motion is a **sealed** court order concerning a child custody matter in Texas. The judge in that case was apprised of information and in granting the motion to seal, it stated, "the Court finds that the Motion has merit and that the disclosure of records, discovery and related information will result in injury to Petitioner."

Exhibit B, is a subpoena by the San Diego District Attorney's Office directed to Plaintiff. In this case, Plaintiff heard screams from a neighbor, flagged down a police car and literally broke open a fire escape door[2]. When the officer and Plaintiff exited the stairwell, a male was only feet away from a female draped in blood. It was determined the male, Nikola Chivatchev, had just bludgeoned his father to death with a dumbbell and was then turning on his mother when a police officer and Plaintiff arrived. While Mr. Chivatchev was handcuffed, Plaintiff turned on the video camera option on his phone and spoke with him. The video disclosed several instances where Mr. Chivatchev confessed to the murder to Plaintiff.

Exhibit C, is a text Plaintiff received on June 11, 2021. The text are photos of headless males. As Plaintiff's declaration states, he has received numerous threats in the past. The case, People v. Chivatchev is still pending where the defendant was committed to a mental hospital at first and is now in a lock down care facility[3] until he is found fit for trial. It is feared the Bulgarian Mafia is making repeated efforts to intimidate Plaintiff for his cooperation with law enforcement.

Where a person's safety is at risk there is little doubt records should be sealed. *United States v. Doe* (9th Cir. 2017) 870 F.3d 991, 994 [justifying sealing records where party demonstrated failing to seal the records "endangered his life and the lives of his family members, Doe moved to seal all documents..."]

---

[2] See news interview, https://www.youtube.com/watch?v=fLlHUevPv9w
[3] Son still won't face trial in father's murder, http://www.sdnews.com/view/full_story/25926993/article-Son-still-won-t-face-trial-in-father-s-murder?

**APPLICATION TO FILE UNDER SEAL - 2**

If this application were not granted it would undermine the purpose of statute and place Plaintiff's safety at risk by disclosing previously sealed records.

## CONCLUSION

Given the above, Plaintiff requests this honorable Court to grant this motion since the attached motions and its contents are confidential. Further, since the Application to File Under Seal discloses the contents of the attached motion, Plaintiff requests the application is filed under seal as well.

If for any reason this motion is not granted, Plaintiff requests the Clerk of the Court to return this Application and Supplemental Ex Parte Motion to Seal Records[4] as having such material in the public record could be a death sentence and would reveal confidential and previously sealed records.

DATED: June 18, 2021

Respectfully submitted,

_(signature)_

Darren Chaker
Plaintiff

---

[4] For reference, if the court denies the motion to seal the record, the court "must not place it in the case file unless [the moving] party notifies the clerk in writing within 10 days...that the record is to be filed." (Rule 2.551(b)(6).); Conditionally lodged documents must be returned to the moving party by this court's clerk. (Rule 8.46(d)(7) & (f)(3)(D).)

**APPLICATION TO FILE UNDER SEAL - 3**