# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE,[1] | Case No. 2:06-cv-00244-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| COLLECTCO, INC., dba COLLECTION COMPANY OF AMERICA, et al., | |
| Defendant. | |

Before the Court is Plaintiff John Doe's motion to seal (ECF No. 12), motion to reopen case (ECF No. 15), motion to seal attaching a supplement (ECF No. 16), and two motions to seal attaching motions for judicial notice (ECF Nos. 17 and 19). Because the Court finds that Plaintiff has not sufficiently shown that the Court should seal the entire record, but that Plaintiff has shown good cause to redact his address and email address and replace his name with "John Doe," the Court grants his motions to seal (ECF Nos. 12, 15, and 16) in part and denies his motion to seal attaching his motions for judicial notice (ECF Nos. 17 and 19) as moot. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Background.**

Through his motion to seal and reopen (ECF Nos. 12 and 15), Plaintiff seeks to reopen the case to seal the record and replace his name with "John Doe." Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the "Safe at Home Program") which allows crime victims to keep their addresses confidential. Plaintiff supplemented his motion (ECF No. 16) a few months later and filed motions for judicial notice of other court decisions sealing or redacting his information (ECF No. 17 and 19).

---

[1] The Court replaces Plaintiff's name in the caption with John Doe.

**II.     Standard.**

Under Federal Rule of Civil Procedure 10(a), the title of every complaint must "include the names of all the parties," and a plaintiff's use of a fictitious name may "run[] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Nevertheless, the Ninth Circuit permits parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I through XII*, 214 F.3d at 1068; *see United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity'"). The decision of whether to allow a party to remain anonymous is within this Court's discretion. *See Kamehameha Sch.*, 596 F.3d at 1042.

**III.    Discussion.**

   *A.     Ninth Circuit authority applies to this case.*

Although Plaintiff asks this Court to apply California law, the case he cites does not support his position. Plaintiff uses *Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab*, for the proposition that this court should apply California law to seal his case. However, *Maldonado* is distinguishable because it involved an ongoing case with mixed questions of state and federal law. *See Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab.*, No. 2:06-cv-0269-MCE/GGH, 2007 WL 4249811, at *5-6 (E.D. Cal. Nov. 30, 207). Here, however, Plaintiff's case has been closed for fifteen years. Even when it was active, it involved only questions of federal and Nevada law, not California law. California law does not apply here, rather, this Court applies Ninth Circuit rules governing the use of fictitious names and sealing cases.

   *B.     The Court denies Plaintiff's motion to seal the entire case.*

To the extent that Plaintiff asks the Court to seal the entire case, the Court declines. Courts ask two questions to determine whether a qualified First Amendment right of public access applies

to a particular proceeding or document: (1) whether the place and process have historically been open to the press and general public; and (2) whether public access plays a significant positive role in the functioning of the particular process in question. *United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017). Even when this test is satisfied, however, the public's First Amendment right of access establishes only a strong presumption of openness, and "the public still can be denied access if closure 'is necessitated by a compelling government interest, and is narrowly tailored to serve that interest." *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989)).

*United States v. Doe* stands for the proposition that sealing docket entries requires a connection between the threat and the docket entries. *Doe*, 870 F.3d at 998-1001. There, a criminal defendant moved to seal docket entries that showed that he had provided the government information about an international drug cartel in exchange for a lowered sentence. *Doe*, 870 F.3d at 994. Although the defendant had not received specific threats to him or his family, the Ninth Circuit found that sealing was necessary because: (1) the risks to Doe and his family were extreme due to the amount of information Doe had provided, the wealth of the international cartel with which he dealt, and the fact that inmates are routinely required to produce dockets and case documents to prove they didn't cooperate; (2) the government had an interest in preserving its ongoing investigation; and (3) there were no adequate alternatives to closure because redacted docket entries would immediately look different than those in non-cooperators cases, readily signaling Doe's cooperation. *See id.* at 998-1001

Here, Plaintiff does not overcome the First Amendment right of public access to the case docket. Under the Ninth Circuit test: (1) court's dockets have historically been open to the press and general public; and (2) public access plays a positive role in the function of preserving case records. Plaintiff does not overcome this right because the remedy of sealing the entire docket is not narrowly tailored to achieving the goal of protecting information covered by the Safe at Home Program.

Plaintiff has also not sufficiently connected the threats he has received to the docket to seal the entire record. Even more so than the criminal defendant in *Doe*, who sought only to seal certain

1  entries, here Plaintiff asks the entire case to be sealed.  However, less than the criminal defendant
2  in *Doe*—who had verified involvement with an international drug cartel—Plaintiff speculates that
3  a criminal enterprise is the source of threats against him.  The docket also contains very few
4  references to Plaintiff's address or email.  On balance, however, Plaintiff has provided evidence of
5  a serious threat.  Under the *Doe* factors: (1) Plaintiff has alleged that the risks are extreme but has
6  not directly connected them with the docket like the defendant in *Doe* who could show that the
7  docket would form the basis for others to threaten him and his family; (2) the California government
8  has shown an interest in protecting its citizens through the Safe at Home Program; and (3) there are
9  adequate alternatives to sealing the entire record.  Although the second factor weighs in Plaintiff's
10 favor, the first and second weigh in favor of a narrower remedy.  The Court thus denies Plaintiff's
11 motion insofar as it asks for his entire case to be sealed.

12       **C.**    ***The Court grants Plaintiff's motion to redact his personal information.***

13 Plaintiff has shown sufficient reasons to redact his personal information from the record.
14 While the Safe at Home Program is not able to delete information that already exists in public
15 records, it does provide that "participants should request that confidential information on public
16 records be replaced by their Safe at home designated mailing address."  *See Frequently Asked*
17 *Questions*, CALIFORNIA SECRETARY OF STATE, https://www.sos.ca.gov/registries/safe-
18 home/frequently-asked-questions1. (last visited Jul. 20, 2021).  In *Doe v. Law Offices of Winn and*
19 *Sims et al.*—another case which Plaintiff requested to seal—the Southern District of California
20 found that, although Plaintiff had not provided sufficient reasons to seal his entire record, his
21 participation in the California Safe at Home Program was reason to remove his address from the
22 record and replace his name with "John Doe."  *See Doe v. Law Offices of Winn and Sims et al.*, No.
23 3:06-cv-00599-H-AJB, 2021 WL 2529617, at *1-2 (S.D. Cal. June 21, 2021); *see Doe v. Law*
24 *Offices of Winn and Sims et al.*, No. 3:06-cv-00599-H-AJB, (ECF No. 17) (S. D. Cal June 29, 2021).
25 The court declined Plaintiff's requests to seal the entire case but directed the Clerk of Court to
26 replace his address on the docket with his Safe at Home address, replace certain documents with
27 redacted versions, and to replace Plaintiff's name with "John Doe."  *See id.*

28

Here, the Court finds good reason to redact Plaintiff's address and email and replace his name with "John Doe." Plaintiff has provided evidence of his participation in the Safe at Home Program, of a threat, and of his connection with a criminal event. And through his motions, Plaintiff seeks to follow the recommendations of the Safe at Home Program, asking—in the alternative to sealing—for the Court to replace his name with "John Doe" and redact his addresses. The Court finds the Southern District of California's approach to Plaintiffs' similar requests persuasive, although it does not find the need to take judicial notice of the cases Plaintiff submitted in his motions to seal (ECF No. 17 and 19). While Plaintiff has not provided sufficient reasons to seal his entire record, he has provided enough for the Court to replace his address on the docket with his Safe at Home address, to redact his address and email, and to replace his name with "John Doe."

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 12) as it relates to ECF Nos. 12-1, 16, 17, and 19 is granted. These items are to remain sealed.

**IT IS FURTHER ORDERED** Plaintiff's motions to seal (ECF Nos. 12 and 16) are granted in part.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal, appending his notice for judicial notice (ECF Nos. 17, 17-1, and 19) are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to replace Plaintiff's address on the docket with his Safe at Home address—P.O. Box 1679, Sacramento CA 95812[2]—and to replace ECF Nos. 7, 15, and 18 with redacted versions of those documents attached to this Order as Exhibits A, B, and C, respectively. The Clerk of Court is also directed to replace Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents to conceal his true name. Thereafter the Court directs the Clerk to re-close the case.

DATED: July 27, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This address appears in the Southern District of California's order granting Plaintiff's motion to seal in part. *See Law Offices of Winn and Sims et al.*, 2021 WL 2529617, at *1-2.

# Exhibit A

# Redacted Motion to Seal Partial Record [ECF No. 7]

# Exhibit A

1  John Doe
2  ████████
3  Pro Per

4           UNITED STATES DISTRICT COURT
5                DISTRICT OF NEVADA
6
7  John Doe,                    Case No.: 06-CV-00244 RLH (GWF)
8       Plaintiff                MOTION TO SEAL PARTIAL RECORD
9    vs.
10 COLLECTO, INC., dba COLLECTION
11 COMPANY OF AMERICA, a
12 Massachusetts corporation, DOES I-V,
13 inclusive and ROE Coporations VI-X,
14 inclusive,
15      Defendant.
16
17      PLEASE TAKE NOTICE, PLAINTIFF, John Doe, ████████ hereby
   files his motion to seal a portion of the record containing private information.
18
                         **INTRODUCTION**
19
        Plaintiff's specially appears before this court since the case has resolved and seeks
20 only to seal a portion of the record. Specifically, Plaintiff was recently notified his former
21 counsel filed a complaint with a financial account number. Specifically, Document 1,
22 page 3, contains a financial account number and should be sealed since Federal Rule of
23 Civil Procedure Rule § 5.2 (a)(4) precludes an account number being a public record. The
24 financial account number is not exempted under § 5.2(d) and therefore should be sealed.
25

### I. THE PARTIAL RECORD SHOULD BE SEALED SINCE PRIVATE INFORMATION IS PRESENT IN THE RECORD

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d 1165, 117 cert. denied, 465 U.S. 1100 (1984).

Federal Rule of Civil Procedure Rule § 5.2 states in pertinent part,

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) <u>the last four digits of the financial-account number</u>. (Emphasis added)

Rule 5.2(e) provides, inter alia, that "[f]or good cause, the court may by order in a case...require redaction" of documents filed with the court. Fed. R. Civ. P. 5.2(d) and (e).

As here, Document 1, page 3, has the entire account number present.[1] Since it appears redaction post scanning into PACER is impossible, Plaintiff requests this court seal Document 1.

### CONCLUSION

It is for the above reasons this motion should be granted since the record sought to be sealed is within the scope of an expectation of privacy. As such Plaintiff requests this motion is granted.

Dated:    October 13, 2012                    Respectfully submitted,

*[signature]*
John Doe
Plaintiff

---

[1] Plaintiff requests this court take judicial notice of Document 1. A court may take judicial notice of its own files. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)

## Case No. 06-CV-00244 RLH (GWF)

### PROOF OF SERVICE BY MAIL

I the undersigned declares as follows: I am in ▮▮▮▮▮ ▮▮▮▮▮ where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is ▮▮▮▮▮ ▮▮▮▮▮.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On October 13, 2012, I served the foregoing **MOTION TO SEAL PARTIAL RECORD** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the ▮▮▮▮▮, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

Clerk of the Court
U.S. District Court
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

Tim J. Vanden Heuvel
550 W. C Street, Suite 800
San Diego, CA 92101

I certify and declare under penalty of perjury under the laws of the United States of America and State of Pennsylvania that the foregoing is true and correct.

Executed October 13, 2012, at ▮▮▮▮▮.



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

John Doe,

Plaintiff

vs.

COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA, a Massachusetts corporation, DOES I-V, inclusive and ROE Corporations VI-X, inclusive,

Defendant.

Case No.: 06-CV-00244 RLH (GWF)

**ORDER TO SEAL PARTIAL RECORD**

GOOD CAUSE APPEARING,

The Clerk of the Court is directed to SEAL Document 1.

IT IS SO ORDERED.

Dated:

_____
District Court Judge

# Exhibit B

# Redacted Motion to Reopen Case [ECF No. 15]

# Exhibit B

1  John Doe
2  ███████████
3  Self-Represented

FILED ___ ___ RECD
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 21 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

John Doe,

    Plaintiff,

v.

COLLECTO, INC., dba COLLECTION COMPANY OF AMERICA, et. al.,

    Defendants.

Case No.: 2:06-cv-00244-RLH-GWF

**PETITION TO REOPEN CASE**

COMES NOW PLAINTIFF John Doe and files this Petition to Reopen Case.

The statute Plaintiff seeks to seal records under was enacted in 2019. Judicial Council Forms were made available to utilize the statute in 2020. Due to the serious nature of the issues contained in the papers recently presented to this honorable court and recent enactment of the statute allowing Respondent a statutorial basis to rely on, it is requested this matter is reopened for the limited purpose of deciding the motion before it.

DATED: June 16, 2021

Respectfully submitted,

_____
John Doe
Plaintiff

# Exhibit C

# Redacted Notice of Errata [ECF No. 18]

# Exhibit C

John Doe

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

John Doe,

Plaintiff,

v.

COLLECTCO INC., dba COLLECTION COMPANY OF AMERICA, et. al.

Defendants.

Case No.: 2:06-cv-00244-JCM-DJA

NOTICE OF ERRATA

[CONDITIONALLY FILED UNDER SEAL]

In his recent request, Plaintiff made reference to an order as Exhibit C. Plaintiff accidently attached the initial order issued by the court providing limited relief. The same court issued a second order providing additional relief subsequent to receiving the virtually identical supplemental motion this court was provided.

Plaintiff requests this honorable court take judicial notice of the attached court order issued by the Southern District of California.

DATED: July 17, 2021

Respectfully submitted,

John Doe
Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,[1]<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF WINN AND SIMS, a Professional Corporation; BRIAN N. WINN; RALPH L. SIMS; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 06-cv-00599-H-AJB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S PETITION TO RE-OPEN THE CASE; AND**<br><br>[Doc. No. 13.]<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUPPLEMENTAL MOTION TO SEAL**<br><br>[Doc. No. 16.] |

On June 21, 2021, the Court issued an order granting in part and denying in part Plaintiff John Doe's ("Plaintiff") motion to seal. (Doc. No. 12.) On June 25, 2021, the Court ordered the Clerk to file on the docket a petition to re-open the case and a supplemental motion to seal the case filed by Plaintiff. (Doc. Nos. 13, 16.) Plaintiff's

---

[1] The Court replaces Plaintiff's name in the caption with John Doe.

1

Ex. A

06-cv-00599-H-AJB

1  supplemental motion to seal sets forth additional facts in support of his request for the
2  Court to either seal the entire case or, in the alternative, redact his personal information
3  from the record. (Doc. No. 16 at 2.)
4        After reviewing Plaintiff's filings, Court denies Plaintiff's supplemental request to
5  seal the entire record. To seal a judicial record, a movant must present "compelling
6  reasons" that outweigh the public's interest in access to the record. Oliner v. Kontrabecki,
7  745 F.3d 1024, 1025-26 (9th Cir. 2014). In addition, "[a]ny order sealing documents
8  should be 'narrowly tailored'" to serve those compelling reasons. Ervine v. Warden, 214
9  F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Court, 464
10  U.S. 501, 513 (1984)); see also Perez-Guerrero v. U.S. Atty. Gen., 717 F.3d 1224, 1235
11  (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be
12  'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that
13  interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the
14  entire record would be overbroad and undermine the "strong presumption" favoring the
15  public's interest in this case, a class action against a debt collection service. See Ctr. for
16  Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016); Oliner, 745 F.3d
17  at 1025-26.
18        That being said, sufficient cause supports Plaintiff's supplemental request to redact
19  his name from the docket and allow him to proceed under the pseudonym "John Doe." The
20  Ninth Circuit allows parties to proceed anonymously when the party's "need for
21  anonymity" to avoid physical injury outweighs the "prejudice to the opposing party and
22  the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced
23  Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000). That is the case here. (See Doc.
24  No. 16, Exs. A-C.) Additionally, redacting Plaintiff's name from the record would not
25  prejudice any party because Plaintiff voluntarily dismissed the action over fifteen years
26  ago. (Doc. No. 6.) Further, the public's interest in this case primarily centers around the
27  underlying nature of the action, a class action against a debt collection service, not
28  Plaintiff's identity. As a result, the Court grants Plaintiff's supplemental request to redact

Case 3:06-cv-00599-H-AJB Document 17 Filed 06/28/21 PageID.251 Page 3 of 3

his name from the record.

For the foregoing reasons, the Court grants Plaintiff's petition to re-open the case. The Court then grants in part and denies in part Plaintiff's supplemental motion to seal. Consistent with this Order, the Court directs the Clerk to replace Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Thereafter, the Court directs the Clerk to re-close the case.

**IT IS SO ORDERED.**

DATED: June 28, 2021

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT